UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO, WESTERN DIVISION

| | | |
|---|---|---|
| **JENNIFER L. HAAS,** | ) | Case No.: 3:17-cv-2115 |
| **PAUL I, HAAS, JR.,** | ) | |
| | ) | Hon. Zack Zouhary, |
| Plaintiffs, | ) | U.S. District Judge |
| | ) | |
| vs. | ) | |
| | ) | |
| **GREGORY FUNDING LLC,** | ) | **OPPOSITION TO MOTION TO** |
| | ) | **MOTION OF DEFENDANT** |
| Defendant. | ) | **GREGORY FUNDING LLC TO** |
| | ) | **STAY OR DISMISS UNDER RULE** |
| | ) | **12(b)(6) AND FEDERAL** |
| | | **ABSTENTION** |

Plaintiffs, Jennifer L. Haas and Paul I. Haas, Jr. ("Plaintiffs"), by their counsel, for their response in opposition to the Motion of Defendant Gregory Funding LLC ("Gregory") to Stay or Dismiss Under Rule 12(b)(1) and Federal Abstention Doctrine (the "Motion"), state:

## I.     RELEVANT FACTS AND PROCEDURAL HISTORY

Plaintiffs purchased the Home on October 31, 2006, as their primary, principal residence and financed the Home by receiving a loan as evidenced by a note (the "Note") and a mortgage on the Home that allegedly secures the Note (the "Mortgage") (collectively referred to hereinafter as the "Loan"). *Complaint for Damages ("Complaint"), ¶ 3.* Plaintiffs have been erroneously named as defendants in a state court foreclosure case through no fault of their own. They have timely paid each and every payment on their Loan according to the Loan Modification Agreement (the "LMA"), entered into on November 14, 2014 and recorded on January 20, 2015 with the Marion County, Ohio Recorder, and have otherwise fully lived up to their obligations. *Complaint, ¶ 4.* Plaintiffs' Loan has taken a long and circuitous ownership

1

route. It was originated by Taylor, Bean & Whitaker Mortgage Corp. and subsequently assigned to BAC Home Loans Servicing, L.P., fka, Countrywide Home Loans Servicing, L.P. on September 16, 2010. The Loan was assigned on July 6, 2013 to the Secretary of Housing and Urban Development, who then assigned the Loan to RBS Financial Products Inc. on July 24, 2013. The Loan was again assigned to Christiana Trust, a division of Wilmington Savings Fund Society, FSB, not in its individual capacity, but solely as owner trustee on behalf of RBSHD 2013-1Trust ("RBSHD") on November 22, 2013. The Loan was later assigned to AJX Mortgage Trust I, a Delaware Trust, Wilmington Savings Fund Society, FSB, Trustee ("AJX") on September 11, 2015. The Loan was again assigned to U.S. Bank National Association, as Indenture Trustee on Behalf of and with Respect to Ajax Mortgage Loan Trust 2016-A, Mortgage-Backed notes, Series 2016-A ("U.S. Bank") on May 6, 2016. *Complaint, ¶ 5.* Defendant Gregory has serviced the Loan since November 10, 2015, when servicing was transferred from Rushmore Loan Management Services, LLC ("Rushmore"). *Complaint, ¶¶ 5-6.*

In November and December 2014, Plaintiffs and prior servicer Rushmore entered into the LMA. *Complaint, ¶ 20.* Plaintiffs began making their payments under the LMA. *Complaint, ¶21.* Then the confusion began.  As detailed in the Complaint, Plaintiffs received a series of communications and mortgage statements from Rushmore and other companies claiming to be the servicer related to the servicing of the Loan.  *Complaint, ¶¶ 22-36. During and after, Plaintiffs continued to make efforts to pay the Loan. Complaint, ¶¶ 37-41.*

Plaintiffs then retained counsel who sought information and attempted to have the various entities involved with the servicing of Plaintiffs' Loan correct errors. *Complaint, ¶¶ 42-44.*

2

Plaintiffs sent Gregory a series of Notices of Error ("NOEs") detailing the Plaintiffs claimed errors with the servicing of their Loan. *Complaint, ¶¶ 47-57.*

Instead of correcting the errors, Gregory and U.S. Bank initiated foreclosure, on September 12, 2016, against Plaintiffs in the Court of Common Pleas of Marion County, Ohio. That action is captioned *US Bank National Association, as Indenture Trustee v. Jennifer Haas, et al.*, Case No. 2016 CV 0506 (the "Foreclosure Case"). *Complaint, ¶ 58.* On November 28, 2016, Plaintiffs filed a Third-Party Complaint against Gregory. *Complaint, ¶ 59.* Plaintiffs voluntarily dismissed the Third-Party Complaint without prejudice on March 22, 2017. *Complaint, ¶ 60.* Thus, there are no pending claims against Gregory in the Foreclosure Case.

The case here was then commenced and alleges the following claims against Gregory: Count I: Breach of Contract; Count II: Failure to Properly Respond to Notices of Error in Violation of 12 C.F.R. § 1024.35(e); Count III: Failure to Properly Respond to Requests for Information in Violation of 12 C.F.R. § 1024.36; Count IV: Fraud; and Count V: Conversion. No claims were asserted against U.S. Bank, the owner of the Loan and the plaintiff in the Foreclosure Case. *Complaint, ¶¶ 82-136.*

At this point it is important for the Court to take judicial notice of the status of the Foreclosure Case. The plaintiff in that case, U.S. Bank, had sought summary judgment on all defenses raised and claims made - and the court in the Foreclosure Case has stayed briefing and ruling on that motion.

## II. LAW AND ARGUMENT

Pursuant to settled law, abstention is an extraordinary doctrine, justified in only the narrowest of circumstances, none of which are present in this case. "Abstention from the exercise

of federal jurisdiction is the exception, not the rule." *Colorado River Water Conservation District v. UnÌted States*, 424 U.S. 800, 8l3, 96 S. Ct. 1236 (1976). Under *Colorado River*, a federal court may, in "exceptional circumstances," abstain from exercising jurisdiction when there are concurrent state and federal proceedings. *Id.* (emphasis added.) When applying the doctrine, the court's task "is not to find some substantial reason for the exercise of federal jurisdiction . . .; rather, the task is to ascertain whether there exist exceptional circumstances . . . to justify the surrender of [federal court] jurisdiction." *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 25-26, 103 S. Ct. 927, 942 (1983) (internal quotation marks omitted). "[A] district court's discretion to abstain must be exercised within the narrow and specific limits prescribed by the particular abstention doctrine involved." *Village of Westfield v. Welch's*, 170 F.3d 116, 125 (2d Cir. 1999) (internal citations omitted). The Supreme Court itself has stated that federal courts have a "virtually unflagging obligation" to exercise their jurisdiction. *Colorado River,* 424 U.S. at 817.

The purpose of the *Colorado River* doctrine is to remove a case to a more convenient forum in which the claim is already pending. *Healthcare Capital, LLC v. Healthmed, Inc.*, 2l3 F. Supp. 2d 850 (S.D. Ohio 2002), citing *Colorado River*, 424 U.S. at 818-819. Here, there is no other "more convenient forum." Stay or abstention is inappropriate where 'substantial room for doubt' exists as to whether the state court can provide relief. *Oglesby v. County of Kern*, No. CVF0500873RECTAG, 2005 WL 3031466, at *5 (E.D. Cal. Nov. 4, 2005) (quoting *Moses H. Cone*, 460 U.S. 1, 26-27).

When determining a *Colorado River* stay, the court must first (1) establish whether the state and federal court suits are parallel, and then (2) analyze a number of factors outlined in

*Colorado River* and its progeny. *Madoffe v. Safelite Sols., LLC,* No. 2:06-CV-771, 2007 WL 496665, at *2 (S.D. Ohio Feb. 8, 2007). "If the actions are not parallel, then the Court's analysis must end, as the district court would have nothing in favor of which to abstain." *Healthcare Capital*, 213 F. Supp. 2d at 857 (internal citations omitted).

"For an action to be parallel, there must be identity of the parties and issues in the federal and state court actions." *Healthcare Capital*, 2l3 F. Supp. 2d at 858. While the Sixth Circuit recognizes that two actions may be parallel even if one action includes an additional claim, "essential to the determination of whether the two actions are parallel is whether resolution of the state court action will provide complete relief for the federal action." *Heitmanis v. Austin*, 899 F. 2d 521, 528 (6th Cir. 1990) (finding that the district court should not have abstained when additional issues not addressed by the state litigation were raised in the federal complaint); see also, *Madoffe*, 2007 WL 496665, at *2.

The *Madoffe* opinion is instructive. In *Madoffe*, the state and federal court lawsuits involved the same parties, and each claim arose out of the same occurrence: plaintiffs employment and separation from defendant. Both complaints contained sex discrimination allegations, with plaintiff's federal complaint including two additional claims for defendant's alleged FMLA violations. The Southern District of Ohio denied defendants' motion to dismiss, finding the two claims not parallel because (1) additional determinations needed to be made in the federal court action, and (2) the state court could not dispose of plaintiff's claims in the federal case because plaintiff could not vindicate her FMLA rights in the state court.

    **A.**    **The Parties Are Not Parallel**

Gregory fails the initial question as to whether abstention is available. The easiest way to determine whether the cases are parallel is to look at the parties in both cases. Cases are parallel only when "the same parties [are] contemporaneously litigating substantially the same issues." *Summit*, 187 F. Supp. 3d at 897 (quoting *Huon v. Johnson & Bell, Ltd.*, 657 F.3d 641, 646 (7th Cir. 2011)). The Foreclosure Case and Federal Case are not parallel, because the same parties are not involved in both cases.

Gregory fails the second test of the analysis. Abstention is only available where there is a substantial likelihood that resolution of the Foreclosure Case will dispose of all claims presented in the Federal Case. *Summit*, 187 F. Supp. 3d at 897 (quoting *Huon v. Johnson & Bell, Ltd.*, 657 F.3d 641, 646 (7th Cir.2011)). "If there is any substantial doubt that the parallel litigation will be an adequate vehicle for the complete and prompt resolution of the issues before the parties, it would be a serious abuse of discretion for the district court to stay or dismiss a case in deference to the parallel litigation." *Chellman–Shelton v. Glenn*, 197 Fed. App'x. 392, 394 (6th Cir. 2006). The Foreclosure Case and the Federal Case do not involve the same issues or claims. The claims in the Foreclosure Cae are contractual in nature, exist only between U.S. Bank, N.A. and the Plaintiffs, and seek relief in the form of equitable foreclosure of the mortgage. In the Federal Case, the Plaintiffs alleges unique violations of RESPA and fraud related to Gregory's failure to appropriately service her mortgage loan and seeks monetary damages. The claims in the Foreclosure require different elements from those in the Federal Case. *See Crawley v. Hamilton County Com'rs*, 744 F.2d at 28 (it is acceptable to decline to apply abstention where claims in the federal suit not present in the state suit); *See also Kantner*, 535 F. Supp. 2d at 886 (stating "[t]hus, in light of many difference between the two cases, this Court cannot consider them to be

parallel, and the *Colorado River* analysis need not go further"). The appropriate relief for the claims in each case can be completely afforded entirely independent of another. The Court can grant the Plaintiffs full relief pursuant to their RESPA and fraud claims without affecting those claims in the Foreclosure Case. Likewise, full resolution of the Foreclosure Case will not resolve any of the claims as alleged in the Federal Case.

**B.     The Federal Case does not result in duplicative litigation.**

Gregory also fails to meet the second prong of the *Colorado River* abstention analysis. The *Colorado River* decision requires the Court to consider eight factors only if the cases are found to be parallel: (1) Whether the state court has assumed jurisdiction over any res or property; (2) whether the federal forum is less convenient to the parties; (3) avoidance of piecemeal litigation; (4) the order in which the jurisdiction was obtained; (5) whether the source of governing law is state or federal; (6) the adequacy of the state court to protect the federal plaintiff's rights; (7) the relative progress of the state and federal proceedings; and, (8) the presence or absence of concurrent jurisdiction. *Finch v. Thomas Asphalt Paving Co.*, 252 F. Supp. 2d 459, 462 (N.D. Ohio 2002) (*citing PaineWebber, Inc. v. Cohen*, 276 F.3d 197, 207 (6th Cir. 2001)); *Kantner*, 535 F. Supp. 2d at 883. Here, Gregory has not shown that any of the factors provide clear justifications necessary to support the rare circumstances to exercise abstention.

**1.     The Court is not exercising jurisdiction over any property in the Federal Case.**

The existence of the Foreclosure Case does not circumvent the Federal Case. Gregory misunderstands this element. A state court action assuming *quasi in rem* or *in rem* jurisdiction over property securing a mortgage does not however implicate statutory claims in federal court

for purely money damages which is precisely what has occurred. *Lech v. Third Fed. Sav. & Loan Ass'n of Cleveland*, No. 2:13-CV-518, 2013 WL 6843062, at *4 (S.D. Ohio Dec. 27, 2013). The Federal Case concerns Gregory's fraudulent servicing of the mortgage which is different from state jurisdiction over foreclosure for possession of property. The RESPA and fraud claims in the instant case, do not implicate the property subject to the Foreclosure Case. The Federal claims seek purely monetary damages and will not affect the disposition of the property in the Foreclosure. Gregory fails to meet this prong.

### 2. There is nothing inconvenient about the federal forum.

Gregory has demonstrated no reasonable justification as to why this Court is an inconvenient forum. In fact, the exact opposite is true. Proceedings in the state court Foreclosure Case have been halted. Any inconvenience must arise to a hardship that would justify abstention. *Inrecon, LLC v. Highland Ins. Co.*, 284 F. Supp. 2d 773, 779 (E.D. Mich. 2003). The two courts are near one another proximately. Gregory is not a party to the Foreclosure Case, so even if it was relevant to the convenience of the parties, Gregory does not have the burden of defending multiple cases. Additionally, the allegations in the instant action require an interpretation of federal statutes making the federal courts the ideal forum. Gregory has not put forth any reasonable argument as to why this Court is an inconvenient forum. Therefore, the Court should not give this factor any consideration as it weighs heavily in favor of exercising jurisdiction.

### 3. There is no fear of piecemeal litigation.

There is no risk of inconsistent results between the Foreclosure Case and Federal Case. While the Foreclosure Case pends, it is presently stayed. Yet, even if both were to continue to proceed independently, resolution of one would not "throw the ownership of the subject property

in turmoil." *Blake v. Wells Fargo Bank, NA*, 917 F. Supp. 2d 732, 738 (S.D. Ohio 2013) (quoting *Bee Pot v. J.P. Morgan Chase Nat. Corp. Servs., Inc.*, No. 3:10-CV-423-J-34TEM, 2011 WL 4529604 (M.D. Fla. Sept. 30, 2011)). As mentioned above, the Federal Case is strictly for money damages and cannot affect the ownership or disposition of the subject property at issue in the Foreclosure Case. The Foreclosure Case is primarily a dispute for possession and ownership of the property. There is no other danger of inconsistent results between the separate matters. Therefore, this factor weighs in favor of the Court exercising jurisdiction.

### 4. The timing of the separate cases and their progressions do not support abstention.

Gregory is not a party to the Foreclosure. Even though the Foreclosure Case was filed first, the timing in that case has no effect on the timing or progression of the instant case. Any suggestion that the progression or any activity in the Foreclosure will prejudice Gregory here in the Federal Case is illogical and disingenuous since Gregory is not involved in the Foreclosure Case. Gregory is under no obligation to defend the Foreclosure Case.

### 5. The Federal Case involves Federal Law.

Plaintiffs assert federal claims under RESPA which gives the Court original jurisdiction. 12 U.S.C. § 2614. These claims and damages derive from Gregory's fraudulent and improper servicing of the Loan. As federal law governs, abstention is not appropriate. *See Blake*, 917 F. Supp. 2d at 738 (determining claims asserted under federal law are better suited for federal courts and cuts against exercising abstention). Gregory has not raised any viable argument to suggest the state court is better suited to protect Plaintiffs' interest. Therefore, the Court is the best forum to hear their federal claims.

### 6. Abstention is only available in extremely rare circumstances.

Gregory has no basis to request abstention or a stay in the Federal Case. The Court must exercise jurisdiction in this action. It is well established that abstention should be exercised only in the most narrow and extraordinary of circumstances. "Abstention from the exercise of federal jurisdiction is the exception, not the rule." *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 813–14, 96 S. Ct. 1236, 1244, 47 L. Ed. 2d 483 (1976). The doctrine of abstention is an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it and a stay of proceedings is equally extraordinary. S*ummit Contracting Grp., Inc. v. Ashland Heights, LP*, 187 F. Supp. 3d 893, 897 (M.D. Tenn. 2016); *see also Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 23–26, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983). Gregory cannot come close to justifying abstention or a stay of the Federal Case. This is especially true since both remedies are available only in the narrowest of circumstances. Absent the existence of an extraordinary or narrow exception – which does not exist in this case – the Court should exercise its jurisdiction and not allow Gregory to dismiss or stay the action.

    **C.**    **The Sixth Circuit has already determined that abstention is not available.**

Binding precedent is firmly against Gregory on this matter. The Sixth Circuit has already decided this issue. Foreclosure and violations of RESPA are not compulsory to one another and need not be brought in the same action. For the purpose of differentiating these claims, the Sixth Circuit emphasized that a foreclosure action is not "logically related" to a RESPA claim.[1] *Marais v. JPMorgan Chase Bank, N.A.*, 676 F. App'x 509, 513 (6th Cir. 2017), reh'g denied (Mar. 2,

---

[1] *Marias* found that a foreclosure was not a compulsory counterclaim to a complaint under RESPA because the requirements under RESPA for Qualified Written Requests were not logically related to a foreclosure.

2017). The Court stated that, "[w]hether [a] [d]efendant followed these [RESPA] procedures is a very different question from whether Defendant had a right to foreclosure." *Id.* "The [d]efendant's foreclosure claim is a contract claim governed by Ohio state law, where [p]laintiff's RESPA claim required an interpretation of federal statutory law." *Id.* Here, the same is true. The Foreclosure Case and its remedies are based in contract and governed by Ohio law, while Plaintiffs' claims and remedies in the Federal Case are based substantially on RESPA and require an interpretation of federal law. The fraud claims are also properly compulsory to the RESPA violations since the actions were committed by the same party who is not a party to the Foreclosure Case. Just as the court found in *Marias*, the claims in the Federal Case are not logically related to those in the Foreclosure. In light of the many differences between the Federal Case and Foreclosure, this Court should not find them parallel under the *Colorado River* test.

A similar disposition was recently reached by Judge Nugent in the Eastern Division of this Court. *Necak v. Select Portfolio Servicing, Inc.,* 1:17 CV 1473, 2017 WL 6270238 (N.D. Ohio Dec. 8, 2017). The facts in *Necak* are strikingly similar to those presented here. U.S. Bank, the owner of the plaintiff's loan brought a state court foreclosure action and the borrowers filed counterclaims related to servicing. Separately, the borrowers filed suit in federal court against the loan servicer for RESPA violations related to it loan servicing. The loan servicer moved to stay or dismiss based upon the *Colorado River* doctrine. Judge Nugent denied the motion, writing:

> This action and the state court case at issue have different defendants, and the issues, although possible related, are not substantially similar. Resolution of the claims between U.S. Bank and Mrs. Necak will not determine SPS's liability on the fraud and RESPA claims. The state case involves contract and estoppel claims related to the ownership and potential forfeiture of real property. This case involves potential violations of RESPA, allegations of fraud, and a request for monetary damages. It has no direct effect on the ownership of real property. As the Sixth Circuit has recognized, a "foreclosure claim is a contract claim governed

> by Ohio state law, where [p]laintiff's RESPA claim require[s] an interpretation of federal statutory law." *Marais v. JPMorgan Chase Bank,* N.A., 676 Fed. App'x 509, 513 (6th Cir. 2017). In addition, as in the Sixth Circuit case of *Crawley v. Hamilton County Comm'rs,* 744 F.2d 28 (6th Cir. 1984), the claims in this federal court were not raised in the state court action, and resolution of the state forfeiture case will not definitively resolve the federal law question of whether SPS violated RESPA in the servicing of the mortgage loan. In such cases, the Sixth Circuit has repeatedly held that application of the Colorado River abstention doctrine is not appropriate. *Id.*; *Baskin v. Bath Tp. Bd. of Zoning Appeals,* 15 F.3d 569, 572 (6th Cir. 1994)) (emphasis added); *accord Iron Workers of W. Pa. Pension Plan v. Caremark RX, Inc.,* No. 3:06-1097, 2007 U.S. Dist. LEXIS 1378, 2007 WL 60927, at *3 (M.D. Tenn. Jan. 5, 2007)(noting that Sixth Circuit precedent indicates that the claims and issues must be parallel, in order for the doctrine to apply); *Summit Contracting Group, Inc. v. Ashland Hts.,* LP, 187 F. Supp. 3d at 897-898 (M.D.Tenn.2016).

2017 WL 6270238, at *2. Judge Nugent's reasoned analysis is further reason why the instant action must proceed, and the Court must not decline to exercise its jurisdiction.

**WHEREFORE**, Plaintiffs request that the Motion be denied, and for such other or alternative relief as may be appropriate.

*Respectfully Submitted,*

/s/ *Marc E. Dann*
Marc E. Dann (0039425)
Daniel M. Solar (0085632)
DannLaw
P.O. Box. 6031040
Cleveland, Ohio 44103
notices@dannlaw.com

*Attorneys for Plaintiffs Jennifer L. Haas and Paul I. Haas, Jr.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on December 21, 2017, a copy of the foregoing pleading was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

/s/ *Marc E. Dann*
Marc E. Dann (0039425)
Daniel M. Solar (0085632)
DannLaw
P.O. Box. 6031040
Cleveland, Ohio 44103
notices@dannlaw.com

*Attorneys for Plaintiffs Jennifer L. Haas and Paul I. Haas, Jr.*