# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

| | |
|---|---|
| Jennifer L. Haas, et al., | Case No. 3:17-cv-2115 |
| **Plaintiffs,** | Judge Jack Zouhary |
| vs. | |
| Gregory Funding LLC, | **REPLY BRIEF OF DEFENDANT** |
| **Defendant.** | **GREGORY FUNDING LLC** |
| | **IN SUPPORT OF ITS MOTION** |
| | **TO STAY OR DISMISS** |
| | **UNDER RULE 12(b)(1)** |
| | **AND FEDERAL ABSTENTION** |
| | **DOCTRINE** |

Now comes defendant Gregory Funding LLC ("Gregory"), by and through undersigned counsel, and hereby submits its reply brief in support of its motion to stay or dismiss the complaint of plaintiffs Jennifer L. Haas and Paul I. Haas, Jr. (the "Haases") under Rule 12(b)(1) and federal abstention doctrine ("motion to stay or dismiss").

While the Haases have opposed Gregory's motion to stay or dismiss, they have given this Court no reason to deny it. Instead, the Haases have relied falsely on misrepresentations of the state foreclosure action and the applicable law that cannot serve as a legal or factual basis for denying Gregory's motion to stay or dismiss.

In this respect, the Haases have incorrectly stated that the state foreclosure action has been stayed, when it has not. Instead, the foreclosure plaintiff's summary judgment motion has been fully briefed since Gregory filed its motion to stay or dismiss.

1

Otherwise, the Haases falsely represent that that they are not presently litigating the same claims in the state foreclosure action that they have asserted in this action.  Instead, they attempt to argue that the state foreclosure action involves different claims, when it does not. Instead, all of the claims they assert in this action they have asserted in the state foreclosure action.

On this same basis, the Haases falsely attempt to rely on a recent opinion from this Court denying a motion to stay on federal abstention grounds. But this decision does not apply for the simple reason that the Haases have been litigating the same claims in the state foreclosure action that they are attempting to litigate here for over one year through summary judgment briefing.

Accordingly, this Court should grant Gregory's motion to stay or dismiss.

**Facts**

The Haases base their analysis on a false factual basis regarding whether this Court should stay or dismiss this action. Specifically, the Haases have misrepresented their own claims in the state foreclosure action as well as its current procedural status. As a result, it is necessary to indicate precisely where the Haases have misrepresented the state court record to show the Court why the Haases' analysis and conclusions are incorrect.

One such misrepresentation involves the Haases' claim that "the court in the Foreclosure Case has stayed briefing and ruling on" the foreclosure plaintiff's summary judgment motion. (Op. Br., at 3.)  Similarly, the Haases claim that "[p]roceedings in the state court Foreclosure Case have been halted."  (Id., at 8.)

However, as the attached foreclosure docket indicates, no briefing on the foreclosure plaintiff's summary judgment motion has been stayed, nor have the proceedings in the foreclosure action been halted.  Instead, the foreclosure plaintiff's summary judgment motion has been fully briefed and is decisional. Indeed, the Haases themselves opposed the foreclosure

plaintiff's summary judgment motion on December 4, 2017, more than two weeks before they filed their memorandum opposing Gregory's motion to stay or dismiss.  (Marion Cty., Ohio C. P. Dkt. No. 2016 CV 0506, attached hereto as Exhibit 1 (hereinafter "Fcl. Dkt.").)  On the same day, the Haases moved to strike an affidavit from Gregory supporting the foreclosure plaintiff's summary judgment motion.  (Id.)  The foreclosure plaintiff subsequently opposed the Haases' motion to strike.  (Id.)  Since these filings, all of which occurred before the Haases filed their memorandum opposing Gregory's motion to stay or dismiss in this action, the foreclosure plaintiff filed a reply in support of its summary judgment motion moved successfully to supplement the record with an additional affidavit.  (Id.)  As a result, any claim by the Haases that the state foreclosure action has been stayed cannot be credited.[1]

Additionally, the Haases' assertion that their claims in this action differ from those they alleged in the state foreclosure action is meritless.  It is indisputable that the Haases asserted a counterclaim against the foreclosure plaintiff that contained the following claims:

- Count One:    Breach of Contract
  (ECF No. 9-2, PageID #: 364);

- Count Two:    Wrongful Foreclosure/Malicious Prosecution
  (Id., PageID #: 365);

- Count Three:    Violation of Mortgage Servicing Rules
  (Id., PageID #: 365-366);

- Count Four:    Fraud
  (Id., PageID #:366-368);

---

[1]    Regarding the Haases' claim that the foreclosure was stayed, on October 4, 2017, the foreclosure plaintiff moved to stay case. (Exhibit 1, attached hereto.) The foreclosure plaintiff did so to review an application that the Haases had submitted for alternatives to foreclosure, consistent with the requirements of 12 C.F.R. § 10241.41(c), which permits a borrower to halt the progress of a foreclosure action upon the timely submission of such an application.
     However, the foreclosure court did not rule on the motion to stay, and the foreclosure plaintiff formally withdrew the motion on November 21, 2017 on the grounds that "the parties were unable to reach an agreement for a foreclosure alternative to resolve the current dispute."  (Not. Withdrawal Mot. Stay, attached hereto as Exhibit 2.)

- <u>Count Five</u>:     Civil Theft
  (Id., PageID #: 368);

- <u>Count Six</u>:     Conversion
  (Id., PageID #: 369);

- <u>Count Seven</u>:     Estoppel/Unjust Enrichment
  (Id., PageID #: 369-371);

- <u>Count Eight</u>:     Intentional Infliction of Emotional Distress
  (Id., PageID #: 371);

- <u>Count Nine</u>:     Breach of Covenant of Good Faith and Fair Dealing
  (Id., PageID #: 372-373);

- <u>Count Ten</u>:     Punitive Damages
  (Id., PageID #: 371).

It is further indisputable that their claims in this case include the following:

- <u>Count One</u>:     Breach of Contract
  (ECF No. 1, PageID #: 13-15);

- <u>Count Two</u>:     Failure to Properly Respond to Notices of Error
  In Violation of 12 C.F.R. § 1024.35(e)
  (Id., PageID #: 15-17);

- <u>Count Three</u>:     Failure to Properly Respond to Requests for Information
  In Violation of 12 C.F.R. § 1024.36
  (Id., PageID #: 17-20);

- <u>Count Four</u>:     Fraud
  (Id., PageID #: 20-21);

- <u>Count Five</u>:     Conversion
  (Id., PageID #: 22).

As a result, all of the Haases' common law claims they assert in this action—for breach of contract, fraud, and conversion—they have already asserted in the state foreclosure action, which has been pending for more than one year.  Furthermore, their claims for fraud and conversion in the state foreclosure action have already been dismissed pursuant to the foreclosure court's order

granting in part the foreclosure plaintiff's motion to dismiss for failure to state a claim.  (Fcl. Dkt., Entr. April 25, 2017.)

Otherwise, the Haases' claims against Gregory under RESPA loss mitigation regulations in this action, specifically those under 12 C.F.R. §§ 1024.35 and 1024.36, directly correspond to their claims against the foreclosure plaintiff for allegedly violating mortgage servicing rules in the state foreclosure action.  (Id., PageID #: 365-366).  In this respect, the great majority of the exhibits the Haases attach to their complaint in this action to support these RESPA claims they likewise attached to their counterclaim in the state foreclosure action to support their claims that the foreclosure plaintiff violated mortgage servicing regulations.  (*Compare* ECF No. 1, PageID #: 61-205 *with* ECF No. 9-2, PageID #:  376-513.)

Finally, the Haases' claim that they are litigating their claims against a party in this action, Gregory, that is different from the foreclosure plaintiff, U.S. Bank, N.A., lacks support in the state foreclosure record. The foreclosure plaintiff has already produced an affidavit in support of its pending and fully briefed summary judgment motion under which a Gregory employee expressly testified that Gregory is the "loan servicing agent for U.S. Bank," the foreclosure plaintiff.  (ECF No. 9-6, PageID #: 596.)  Furthermore, the Haases had initially asserted against Gregory the same claims in the state foreclosure action that they asserted against the foreclosure plaintiff.  (ECF 9-2, PageID #: 359.)  The Haases had asserted these claims against Gregory as a purported third-party defendant before they voluntarily dismissed their third-party complaint. (Fcl. Dkt., attached hereto as Exhibit 1.)

**Law and Argument**

**I.      The Haases fail to establish that the state and federal actions are not parallel.**

The Haases make two arguments that this action is not parallel with the state foreclosure action.  First, the Haases argue that Gregory and the foreclosure plaintiff are different parties from those in the state foreclosure action, stating that "[t]he easiest way to determine whether the cases are parallel is to look at the parties in both cases."  (Op. Br., at 6.) Second, the Haases argue that "[t]he Foreclosure Case and the Federal Case do not involve the same issues or claims."  (Id.)  However, both arguments fail because the Haases misstate the facts, the law, or both.

The Haases misstate the law as to their argument that the parties in the state and federal actions are not identical. In general, parallel proceedings need not be identical proceedings, but only proceedings that are "substantially similar."  *Blake v. Wells Fargo Bank, N.A.*, 917 F. Supp.2d 732, 737 (S.D. Ohio 2013) (citing *Romine v. Compuserve Corp.*, 160 F.3d 337, 340 (6th Cir. 1998)). Furthermore, and as expressly set forth in Gregory's memorandum supporting its motion to stay or dismiss, "[s]uits are parallel if ___***substantially***___ the same parties litigate ___***substantially***___ the same issues in different forums."  *Browning v. Gotham King Fee Owner, LLC*, No. 1:13 CV 1549, 2013 WL 4758050, 2013 U.S. Dist. LEXIS 126072, at *6 (N.D. Ohio Sept. 13, 2014) (emphasis supplied) (quoting *New Beckley Mining Corp. v. Int'l Union, United Mine Workers of Am.*, 946 F.2d 1072, 1073 (4th Cir. 1991)).

In their opposition brief, the Haases make no effort to distinguish this case law regarding these issues of law upon which Gregory expressly relied in its memorandum supporting its motion to stay or dismiss.  (ECF No. 9, at 6-7.)  Instead, the Sixth Circuit "has never held that only a perfect, or even near-perfect, symmetry of parties . . . would satisfy this requirement."

*Preferred Care of Del., Inc. v. Vanarsdale*, 676 Fed. Appx. 388, 393 (6th Cir. 2017) (citing *Romine*, 160 F.3d at 340 (6th Cir. 1998).)

Furthermore, there is no question that the parties to this action are substantially the same as those in the state foreclosure action. The Haases are parties to both cases, and the remaining parties, Gregory and the foreclosure plaintiff U.S. Bank, N.A., are substantially similar and only slightly different. In fact, Gregory expressly testified in the foreclosure action that it was the loan servicing agent for the foreclosure plaintiff.  (ECF No. 9-6, PageID #: 596.)  Accordingly, the Haases' argument is meritless that the state and federal actions are not parallel on grounds of a lack of identity between the parties.

Otherwise, the Haases' argument fails that the state and federal actions are not parallel under *Colorado River* because the Haases cannot credibly argue that the state and federal actions "do not involve the same issues or claims."  (Op. Br., at 6.)  Again, the applicable standard does not require "a perfect, or even near-perfect, symmetry of . . . causes of action" before the federal court abstains.  *Vanarsdale*, 676 Fed. Appx. at 394 (citing *Romine*, 160 F.3d at 340 (6th Cir. 1998).)

Regardless of whether the state action is a foreclosure matter, there is no disputing that the Haases have asserted counterclaims against the foreclosure plaintiff that are substantially the same as those they assert in this action.  In both actions, the Haases assert common law claims for breach of contract, fraud, and conversion, and in both actions, the Haases challenge whether their mortgage loan was serviced properly.  *See Blake*, 917 F. Supp.2d at 737 (holding that borrower's federal action under TILA was a parallel proceeding to state foreclosure action where borrower asserted same claims as counterclaims in the state foreclosure action).

For these reasons, the Haases' attempt to draw distinctions between this action and the state foreclosure action is necessarily strained and meritless.  (Op. Br., at 6.)  The Haases seek to claim that the foreclosure action involves claims merely "contractual in nature" where the foreclosure plaintiff "seek[s] relief in the form of equitable foreclosure of the mortgage."  (Id.)  By contrast, according to the Haases, this action involves their claims of "unique violations of RESPA and fraud."  (Id.)  However, the Haases ignore the fact that they assert mortgage servicing and fraud claims in the state foreclosure action, as well as the fact that they assert a breach of contract claim in this action. More generally, they ignore any of the express contents of their counterclaim in the foreclosure action.

In this respect, and again, the Haases make no effort to distinguish case law which denies their conclusion on which Gregory relied in its memorandum supporting its motion to stay or dismiss. (ECF No. 9, at 7.)  Specifically, when a borrower-defendant in a state foreclosure action files suit against the foreclosure plaintiff in federal court under the federal Truth in Lending Act ("TILA"), the federal court abstains under *Colorado River* when the borrower has asserted the same TILA claim in federal court.  *Id.*, at 737 (stating that "[u]nder these circumstances, the Court finds no problem finding that the state foreclosure action is a parallel proceeding").

Accordingly, the Haases' analysis and conclusions are necessarily false regarding whether the state and federal actions are parallel under *Colorado River*.

## II.     The Haases fail to establish that the judicial economy test argues against abstention.

As they do with respect to their meritless argument that the state and federal actions are not parallel, the Haases again misrepresent the relevant facts and applicable law to reach a false conclusion that the applicable judicial economy test requires that this Court retain jurisdiction.

Evidenced by their opposition brief, the Haases appear to have no awareness of the express contents of the counterclaim they asserted in the state foreclosure action.  For more than one year, the Haases have litigated their counterclaims through (i) defending against the foreclosure plaintiff's motion to dismiss them under Ohio Civ.R. 12(B)(6); (ii) related discovery and discovery disputes; and (iii) summary judgment briefing on all of their claims. (*See* Fcl. Dkt., attached hereto as Exhibit 1.) As expressly set forth in Gregory's memorandum in support of its motion to stay or dismiss, the most glaring set of facts arguing in favor of abstention are these, which specifically relate to factor (3), the risk of piecemeal litigation; (4) the order in which jurisdiction was obtained; and (7) the relative progress of the state and federal proceedings.  (ECF No. 9, at 8.)

Why this Court should proceed to re-litigate the Haases' claims, which have been litigated to an advanced degree in the state foreclosure action, the Haases do not say. In fact, it is only by ignoring the existence of their counterclaims in the state foreclosure action that the Haases can argue, with complete irrelevance, that "resolution of one [case] would not 'throw the ownership of the subject property in turmoil.'"  (Op. Br., at 8-9.)  In similar fashion, the Haases argue that the relative progress of the state foreclosure action "has no effect on the timing or progression" of this federal case, again despite that they have litigated the same or substantially similar claims in the state foreclosure action for more than one year.  (Id., at 9.)  In the same context, the Haases falsely represent that the state foreclosure action "is presently stayed," when it is not.  (Id.)

Finally, and again, the Haases make no effort to distinguish case law on which Gregory relied to indicate that when a borrower brings a federal action against a foreclosure plaintiff under TILA, after the state foreclosure proceeding has progressed to the discovery phase, the

federal district court properly abstains from hearing the federal action under the eight-factor test. *Blake*, 917 F. Supp.2d at 737; s*ee also Willson v. Bank of Am., N.A.*, App. No. 16-13750, 684 Fed. Appx. 897, 901 (11th Cir. April 10, 2017) (affirming district court's abstention from hearing borrower's federal action under RESPA loss mitigation regulations while state foreclosure action was on appeal); *Browning v. Gotham King Fee Owner, LLC*, No. 1:13 CV 1549, 2013 WL 4758050, 2013 U.S. Dist. LEXIS 126072, at *9 (N.D. Ohio Sept. 4, 2013) (finding abstention under *Colorado River* appropriate where the parties had conducted discovery in the state foreclosure action on the issues before the federal court and a dispositive motion deadline was approaching within three months in the state foreclosure action).

In the face of how these factors apply to the facts of the state foreclosure action, the remaining factors are necessarily much less significant. But they generally favor abstention regardless, as set forth in Gregory's memorandum supporting its motion to stay or dismiss, and the Haases have not shown how they do not.  Again, the Haases ignore the realities of the state foreclosure action, both its procedural status and the existence of their own counterclaims, to conclude otherwise.  (Op. Br., at 7-9.)  They even ignore the fact that three of their five claims in this action are not, contrary to their argument, "statutory claims in federal court for purely money damages" (id., at 7-8) and instead are common law claims that they have already asserted in the state foreclosure action.  Furthermore, because the Haases have intermingled their federal and state claims in both actions, they cannot be heard to argue that this forum should retain jurisdiction over the same claims they asserted more than one year ago in the state foreclosure action.

Finally, the Haases falsely rely on a recent and inapplicable case from this Court to conclude erroneously that "[b]inding precedent is firmly against Gregory in this matter."  (Id., at

10-11) (citing *Necak v. Select Portfolio Servicing, Inc.*, 1:17 CV 1473, 2017 WL 6270238, 2017 U.S. Dist. LEXIS 202468 (N.D. Ohio Dec. 8, 2017); *Marais v. JPMorgan Chase Bank, N.A.*, 676 Fed. Appx. 509, 513 (6th Cir. 2017)).  Contrary to the Haases' argument, this Court's *Necak* decision does not apply.  Again, it does not apply because the Haases ignore the fact of their counterclaims in the state foreclosure action.

In *Necak*, this Court denied a mortgage servicer's motion under *Colorado River* to stay or dismiss a borrower's RESPA complaint against the servicer where the borrower was the defendant in a foreclosure action involving the same note and mortgage.  *Necak*, 2017 U.S. Dist. LEXIS 202468, at *3-*4.  In the state foreclosure action, the borrower had not asserted a claim for money damages against the foreclosure plaintiff and instead had asserted a claim for estoppel related to a loan modification the borrower was allegedly promised.  *Id.*, at *1-*2.  Not surprisingly, because the state and federal actions did not involve the same claims and issues, this Court denied the servicer's motion to stay or dismiss under *Colorado River*.  *Id.*, at *3-*4.

Notably, however, this Court in *Necak* expressly relied on the fact that "the claims in this federal court were not raised in the state court action, and resolution of the state forfeiture case will not definitively resolve the federal law question of whether [the servicer] violated RESPA in the servicing of the mortgage loan."  *Id.*, at *4.  This is precisely why *Necak* does not apply to the facts of this case.  In contrast to the borrower in *Necak*, the Haases have raised in the state foreclosure action the same claims and issues they raise in this action.  Again, the Haases forget their counterclaim in the state foreclosure action.  Accordingly, unlike in *Necak*, resolution of the Haases' counterclaim in the state foreclosure action will resolve the claims the Haases assert in this action.  The mere reality that the facts supporting RESPA claim are not the same as those supporting a foreclosure claim is irrelevant if the borrower expressly litigates the facts and issues

11

related to the RESPA claim in the state foreclosure action as a counterclaim for damages, as the Haases have done.

Finally, because *Necak* does not apply to the facts of this case, the Sixth Circuit's *Marais* case does not apply either. Indeed, *Marais* did not involve at all the question of whether a federal district court action should be stayed under *Colorado River*. For this reason alone, the Haases' claim that "[t]he Sixth Circuit has already determined that abstention is not available" is meritless. (Op. Br., at 10.) Instead, this Court in *Necak* merely relied on *Marais* to show the different natures of a foreclosure "contract claim governed by Ohio state law," versus a "[p]laintiff's RESPA claim." *Id.*, at *3-*4 (quoting *Marais*, 676 Fed. Appx. at 513). That distinction means nothing regarding Gregory's motion to stay or dismiss if the borrowers have already raised the same mortgage servicing facts and issues in the pending foreclosure action that they have sought to litigate before this Court. Again, the Haases forget their counterclaim.

**Conclusion**

For the foregoing reasons, the Haases have not given this Court any reason to deny Gregory's motion to stay or dismiss. In general, they ignore the fact that they have raised the same facts, issues, and claims in their counterclaim in the state foreclosure action that they have raised in their complaint in this federal action, particularly where those same facts, issues, and claims have been litigated for more than one year through the dispositive motion stage. Accordingly, this Court should stay or dismiss this action under *Colorado River*.


Respectfully submitted,

/s/ Matthew J. Richardson
Matthew J. Richardson
Manley Deas Kochalski LLC
P. O. Box 165028

Columbus, OH  43216-5028
Telephone:  614-222-4921
Fax:  614-220-5613
Email:  mjr2@manleydeas.com
*Attorney for Defendant Gregory Funding*
*LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing reply brief was served via

the Court's Electronic Filing System on all parties and counsel of record on the following date.


    /s/ Matthew J. Richardson
Matthew J. Richardson

    January 4, 2018
Dated

13